## Ohl's Estate.

*Certificate of indebtedness—Statute of limitations.*

1. The statute of limitations runs against a certificate of indebtedness from its date, although the maker's estate is expressly made liable.

2. The direction in a will that all just debts shall be paid does not include a debt barred by the statute of limitations.

Exceptions to adjudication. O. C. Phila. Co., July T., 1922, No. 382.

*Romain C. Hassrick,* for exceptant; *Arthur E. Hutchinson,* contra.

THOMPSON, J., Dec. 22, 1922.—At the audit of the account of the executor of decedent, a claim was made upon the following instrument:

"$3,000.00                                                    Philadelphia, Oct. 8, 1906.

"This certifies that I owe and am indebted to Clara H. Taylor for money advanced and loaned me to the amount of Three Thousand Dollars and the payment of same to hold me or my Estate responsible to the said Clara H. Taylor until the above amount is paid.          (Signed)    ADOLPH S. OHL."

No evidence was offered in support of the claim other than the instrument, and, upon objection being made that the statute of limitations barred said claim, the auditing judge dismissed the same, and in this we think he committed no error.

The application of the statute of limitations to the debt depends upon when the cause of action arose. In this case we think it arose as of the date of the instrument. There can be no doubt that if an action were brought against the signer of the above instrument six years after the date thereof, and in his lifetime, he could have successfully pleaded the statute of limitations. As the auditing judge very properly says, the reference in said instrument to his estate is nothing more than if the decedent had signed an instrument binding his "heirs, executors and administrators." The reference by the decedent to his "estate" in the instrument in question is merely surplusage, as his estate would have been liable in any event if the claim had been presented prior to the expiration of the six-year period. The authorities cited by claimant are all cases where the maturity of the debt does not occur until after the death of the debtor, in which event, of course, his estate would be liable therefor.

The provision in the will of testator that his just debts be paid does not include a debt barred by the statute: 40 Cyc., 2061.

We, therefore, are of opinion that the auditing judge was correct in rejecting said claim, and the exceptions filed to his so doing are, therefore, dismissed and the adjudication is confirmed absolutely.